# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 20-17285

**Case Name** | CoreCivic, Inc. v. Candide Group, LLC et al.

**Counsel submitting this form** | Elizabeth M. Locke, P.C.

**Represented party/parties** | Plaintiff-Appellant CoreCivic, Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

This case arises from the publication by an investor (Defendant Simon) and investment firm (Defendant Candide Group, LLC) of purported facts about Plaintiff-Appellant CoreCivic, Inc.—which they knew to be false—in a series of articles on the "Investing" section of Forbes.com (and in a tweet promoting them) in an effort to cause investors to abandon their investments in CoreCivic in favor of the "socially conscious"-branded investments Defendants market. Compl. ¶¶ 1-25. Specifically, it arises from Defendants' publication of defamatory statements and implications falsely accusing CoreCivic of "lobbying ... to push for harsher criminal justice and immigration laws" so that it can "operat[e] immigrant detention facilities for children separated from their parents at the [U.S.] border," where it is responsible for supposed abuses in those private facilities. Id. ¶¶ 2-3, 71-73, 120-21, 135-36. Although Defendants published their defamatory accusations during a controversy over the government's "family separation policy," they did not simply express "partisan opinions" as they claimed after being sued for defamation; rather, Defendants knowingly and intentionally published false statements of purported fact to enrich themselves at the expense of CoreCivic and the truth. Id. ¶¶ 14, 21-22, 46.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  1  Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

> Defendants moved to strike under Cal. Code Civ. Proc. § 425.16. The district court entered an Order Granting Motion to Dismiss (ECF No. 60) and entered final judgment for Defendants (ECF No. 61). The main issues on appeal are:
> 1. Whether Cal. Code Civ. Proc. § 425.16 is inapplicable in federal court, as held by numerous well-reasoned Circuit Court decisions following the U.S. Supreme Court decision in Shady Grove, 559 U.S. 393 (2010)—and whether the district court erred by failing to consider that question.
> 2. If Section 425.16 could apply, whether Defendants' challenged speech falls within the California Anti-SLAPP Act's commercial speech exemption such that Section 425.16 cannot apply to CoreCivic's claims—and whether the district court erred by failing to consider that question.
> 3. Whether the district court erred in holding that CoreCivic did not state claims for defamation and defamation by implication where CoreCivic pled facts demonstrating that Defendants' challenged statements and implications were false and made with actual malice, and where Defendants' statements and implications are reasonably capable of conveying (false) facts and having a defamatory meaning—and whether the district court erred by failing to consider multiple statements and implications on which CoreCivic's defamation claims are based.
> 4. Whether the district court erred by granting a motion to dismiss where Defendants never filed a motion to dismiss.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

> Defendants have stated that they intend to file in the district court a Motion for Attorneys' Fees under California Code of Procedure § 425.16. There are no other proceedings remaining below, and there are no related proceedings in other tribunals.

**Signature** s/ Elizabeth M. Locke, P.C.     **Date** Nov 27, 2020

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     *2*     Rev. 12/01/2018